In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST James G. WIARD, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

James G. WIARD, Respondent.

Supreme Court

*No. 02–3268–D. Decided February 19, 2003.*

2003 WI 5

(Also reported in 657 N.W.2d 64.)

The Court entered the following order on this date:

The Office of Lawyer Regulation and Attorney James G. Wiard have stipulated, pursuant to SCR 22.12, for reciprocal discipline under SCR 22.22.

Attorney Wiard has been licensed to practice law in Illinois since 1978 and was admitted in Wisconsin in 1987. His Wisconsin license was suspended in 1998 for noncompliance with CLE reporting requirements and remains suspended at present.

Pursuant to a March 26, 2002 order of the Illinois Supreme Court, Attorney Wiard's license in that state has been suspended for two years. He was found to have violated Illinois Rule of Professional Conduct (IRPC) 1.4—failure to keep a client reasonably informed about the status of a matter; IRPC 1.15(a)—failure to deposit client funds in a separate and identifiable trust account; IRPC 8.4(a)4—conduct involving dishonesty, fraud, deceit or misrepresentation; IRPC 8.4(a)5—engaging in conduct that is prejudicial to the administration of justice; and, Illinois Supreme Court Rule 771—engaging in conduct which tends to defeat the administration of justice or to bring the courts or the legal profession in disrepute.

These violations arose out of an incident that began in 1994 when Attorney Wiard prepared a trust and property power of attorney for a client naming himself as successor trustee and agent should the client die or eventually be unable to act as trustee or should the designated agent be unable to act. In 1997, without notifying the client or the property power of attorney, he requested that a bank close two of the client's accounts and issue the proceeds to him as successor trustee for the trust. He received almost $11,000 from the bank and used virtually all of it for his own personal purposes. He later misrepresented to the client what had occurred.

SCR 22.22(3) provides that this court shall impose the identical discipline or license suspension unless the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a due process violation; there was such an infirmity of proof establishing the misconduct that this court should not accept as final the misconduct finding; or the misconduct justifies substantially different discipline here. Neither OLR nor Attorney Wiard contend, nor does this court find, that any of these three exceptions exist.

Accordingly,

IT IS ORDERED that the license of Attorney James G. Wiard to practice law in the state of Wisconsin be suspended for two years from the date of this order.

IT IS FURTHER ORDERED that this suspension does not affect the existing 1998 suspension for non-compliance with CLE reporting requirements which would also have to be satisfied in order for his license to practice law in Wisconsin to be reinstated.

IT IS FURTHER ORDERED that he shall comply, if he has not already done so, with the requirements of SCR 22.26 pertaining to activities following suspension.